## Krause v. Philadelphia Transportation Co.

*Henry J. Lotto,* for plaintiff.
*John P. Mason,* for defendant.

SPAETH, J., December 17, 1970.—At the trial of this personal injury action without a jury, the trial judge found that defendant, Robert Gardner, was negligent and that defendant, Philadelphia Transportation Company, was not negligent because its bus driver was not negligent. Plaintiff has filed exceptions to the findings, arguing that the trial judge erred in not finding the bus driver negligent, and in not awarding sufficient damages incident to the finding that defendant Gardner was negligent. Only the first of these arguments merits discussion.

Most of the events surrounding the accident are not in dispute. Plaintiff boarded PTC bus No. 5 at Second and Chestnut Streets, Philadelphia, and rode to Second and Mifflin Streets, where the driver let her off one lane away from the curb because defendant Gardner's car was occupying the curb lane in the space designated as the bus stop. Sometime after

plaintiff emerged from the bus, and while she was still on the pavement of the street just to the rear of defendant Gardner's car, defendant Gardner backed his car into her, knocking her to the pavement and injuring her.

The trial judge made no finding regarding plaintiff's location and movements immediately preceding the impact with defendant Gardner's car, e.g., whether plaintiff was walking toward the curb directly after stepping off the bus, or was waiting in the street behind defendant Gardner's car. Although plaintiff repeatedly asserted at trial that she was walking toward the curb, and never stopped behind defendant Gardner's car, evidence was introduced at trial that contradicted plaintiff. When she had been questioned by a police officer, she said that she "stood by the curb waiting for traffic to pass south on 2nd Street." Also, when she was asked on crossexamination, "Now when you were struck, the bus had already gone?", she answered, "That's right." It is evident that the trial judge was not so persuaded by plaintiff's testimony as to discount the police report, for at the conclusion of the testimony, he said:

"Finally, putting together my inability to make findings that I consider essential if plaintiff was to carry her burden of proof by a preponderance of the evidence, I conclude that she has not shown that she was injured as the proximate result of negligence by the [PTC's] employee . . ."

Such an appraisal of a witness's credibility will not be disturbed now.

The trial judge was correct in concluding that because plaintiff had failed to prove with specificity her movements after getting off the bus, she had failed to prove her case against the bus driver. Plaintiff argues that the driver was negligent in letting her

off in the street rather than next to the curb in the space designated as a bus stop. The trial judge made no finding as to the driver's negligence, but assuming that the driver was negligent, plaintiff still had to show that the negligence was the proximate cause of her injuries, and she failed to do so.

Suppose that plaintiff got off the bus and waited for some time in the street behind defendant Gardner's car before she was hit. The length of time that she waited would determine whether it could be said that the driver's supposed negligence was the proximate cause of plaintiff's injuries. Proximate cause is "[t]hat which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred": Coyne v. Pittsburgh Railways Company, 393 Pa. 326, 334, 141 A. 2d 830, 835 (1958) quoting Black's Law Dictionary, p. 1391.

As mentioned above, plaintiff admitted that the bus had "gone" before the accident happened. It does not appear for how long it had been gone. One way plaintiff might have proved proximate cause would have been to prove that the bus had just gone before she was hit, thus establishing a temporal relationship with the bus driver's negligence. Or plaintiff might have proved that she walked immediately from the bus toward the curb and was hit on the way, thus establishing a direct causal relationship with the bus driver's negligence. She did neither, thus leaving open the possibility that the bus driver's negligence had been superseded by the intervening event of her standing for some rather considerable time in the street, behind defendant Gardner's car, "waiting for traffic to pass."

Plaintiff argues, however, that the trial judge's

findings were inconsistent. The argument runs as follows:

If plaintiff's waiting in the street is regarded as an intervening, superseding event regarding the bus driver's negligence, it would also have to be regarded as contributory negligence, precluding plaintiff's recovery against defendant Gardner; as the trial judge found for plaintiff against defendant Gardner, he must have found that she was not contributorily negligent regarding defendant Gardner; therefore, he could not consistently find that her waiting in the street was an intervening, superseding event precluding a recovery against the bus driver.

There are two fallacies in this reasoning. First, the trial judge did not find that plaintiff was waiting in the street rather than walking toward the curb. The judge merely indicated that plaintiff had not, by a preponderance of the evidence, excluded that possibility. In this connection, it must be noted that defendant Gardner did not prove contributory negligence, as was his burden. Since no one proved exactly what plaintiff did after leaving the bus, there was a failure of proof regarding whatever element of any party's case depended on such a finding. Second, even if the trial judge had found that plaintiff had waited behind defendant Gardner's parked car rather than walking toward the curb, that finding alone would not dictate a finding of contributory negligence. Defendant Gardner was parked in a space next to the curb designated as a bus stop, near the corner, with no car ahead of him. It was thus unnecessary for him to back up his car when he chose to depart, so that it was not unreasonable as a matter of law for plaintiff to wait behind the car after she got off the bus. The trial judge could, therefore, have concluded that

although plaintiff's waiting behind defendant Gardner's car broke the chain linking the bus driver's conduct to the risk that materialized, her waiting did not amount to contributory negligence regarding defendant Gardner.

## ORDER

And now, December 17, 1970, plaintiff's exceptions are dismissed and the trial judge's decision is affirmed.